AO 91 (Rev. 11/11) Criminal Complaint　　　　　　　　　　　　　　　　　AUSA Kristen Totten (312) 353-5340



FILED
10/19/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 23 CR 557 |
| DWIGHT NEWELL | |

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 4, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | possession with intent to distribute a controlled substance, namely, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. |

This criminal complaint is based upon these facts:

　X　Continued on the attached sheet.

*Christopher Kent by MV*

CHRISTOPHER KENT
Special Agent, Drug Enforcement Administration (DEA)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 19, 2023　　　　　　　　　　　　　　　　　　*[signature: Maria Valdez]*

*Judge's signature*

City and state: Chicago, Illinois　　　　　　　　　　MARIA VALDEZ, U.S. Magistrate Judge

*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, CHRISTOPHER KENT, being duly sworn, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for two years. My current responsibilities include the investigation of narcotics trafficking offenses.

2. This affidavit is submitted in support of a criminal complaint alleging that DWIGHT NEWELL has violated Title 21, United States Code, Section 841(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging NEWELL with possessing with intent to distribute a controlled substance, namely five kilograms or more of cocaine, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and persons with knowledge regarding relevant facts, my review of audio-recorded communications, my training and experience as a law enforcement agent, and the training and experience of other law enforcement agents and officers with whom I have spoken.

I. FACTS ESTABLISHING PROBABLE CAUSE

4. In summary, on October 4, 2023, law enforcement recovered approximately five kilograms of cocaine that had been left at a residence by DWIGHT NEWELL. Following that seizure, NEWELL admitted that the five kilograms of cocaine belonged to him and offered to surrender an additional seven kilograms of cocaine. NEWELL then took law enforcement to the location where he had stored the seven kilograms of cocaine and, pursuant to a consent search, law enforcement seized the narcotics.

A. Law Enforcement Recovers of Five Kilograms of Cocaine

5. On or about October 4, 2023, law enforcement officers conducting an investigation into the narcotics trafficking activities of NEWELL and his associates had reason to believe that Individual A had information relevant to the investigation.

6. At approximately 7:46 p.m., law enforcement established surveillance near the 5900 block of South Wolcott Avenue in Chicago, Illinois. At approximately 8:15 p.m., law enforcement observed a silver Lexus sedan arrive at a residence located on the 5900 block of South Wolcott Avenue in Chicago and park on the street. Law enforcement approached the silver Lexus sedan, identified themselves as law enforcement, and spoke with the driver, Individual A. Law enforcement informed Individual A that they were conducting a federal narcotics investigation into NEWELL, at which point Individual A confirmed that he knew NEWELL and further stated that NEWELL had promised never to get Individual A in trouble with

NEWELL's activities. Individual A then provided law enforcement with written and oral consent to search his residence for narcotics.

7. After receiving consent to search the residence, law enforcement entered and located a small blue duffle bag in a bedroom in the rear of a residence, which contained five brick-shaped objects that contained a compressed powder substance, wrapped in black and yellow tape. The substance later field-tested positive for cocaine.

8. Law enforcement officers asked Individual A about the duffle bag. Individual A explained that he was an employee of NEWELL's company ("Company A"). He advised that on Saturday, September 30, 2023, at approximately 7:30 p.m., Individual A was at his residence when NEWELL showed up with the same small blue duffle bag investigators had recovered from the back bedroom. NEWELL brought the bag into the house, and then spent time with Individual A smoking marijuana and drinking before going out to the club. The following day, NEWELL called Individual A and advised him he had left something at the house, and that he would get it later. Individual A advised that NEWELL has a key to the residence, and Individual A could not say with certainty how many times NEWELL had stored narcotics at that residence.

9. Individual A then advised that on October 4, 2023, NEWELL called him and asked him to go pick up money from an unknown individual. Individual A stated that NEWELL first directed him to go to a fitness center, then to go to a fast-food restaurant, and then finally to go to the currency exchange on the 3900 block of South

3

Kedzie in Chicago, Illinois. Individual A stated that he waited at the currency exchange for a while, and then decided to leave the area to return to his residence.

### B. Law Enforcement Recovery of Seven Kilograms of Cocaine

10. On or about October 4, 2023, as investigators were departing from Individual A's residence, at approximately 9:35 p.m., law enforcement received an unrecorded call from NEWELL. During the call, NEWELL stated that Individual A was not responsible for the narcotics investigators seized from Individual A's, and that NEWELL did not want Individual A to get in trouble for what NEWELL did. NEWELL then advised law enforcement that he had approximately seven kilograms of cocaine and would be willing to surrender them to law enforcement. NEWELL advised that he did not know the street address of the residence, but knew it was located near 102nd and Michigan Avenue in Chicago, Illinois. Law enforcement agreed to meet with NEWELL in a parking lot on the 9600 block of Michigan Avenue in Chicago, Illinois.

11. At approximately 10:11 p.m., NEWELL met with law enforcement and explained that he was storing approximately seven kilograms of cocaine at the residence that belonged to another individual, Individual C. NEWELL further explained that Individual C was unaware that NEWELL had stored narcotics at Individual C's residence. NEWELL, while riding with law enforcement officers, directed law enforcement to a residence on the 20 block of East 102nd Street in Chicago, Illinois.

12. When law enforcement and NEWELL arrived at the residence, in the presence of law enforcement, NEWELL called Individual C who advised he/she were not at home. NEWELL then asked Individual C to come home immediately. Individual C agreed.

13. At approximately 10:44 p.m., Individual C arrived at his/her residence and provided law enforcement with written and oral consent to enter his/her residence and retrieve the bag NEWELL had placed in his/her house. NEWELL then directed law enforcement to the closet of a bedroom in the rear of the residence and advised investigators that the kilograms of cocaine were in a black bag. Law enforcement located the black bag, which contained seven brick-shaped objects covered in black and yellow tape that contained a compressed powder substance that field-tested positive for cocaine.

### C. NEWELL Waives His Miranda Rights and Agrees to Be Interviewed

14. At approximately 10:51 p.m., law enforcement officers provided NEWELL with his *Miranda* warnings. NEWELL provided an oral and written waiver of his rights and agreed to be interviewed by law enforcement. During the unrecorded interview, NEWELL admitted that in or around September of 2023, he received an unrecorded phone call from his source of supply directing NEWELL to pick up multiple kilograms of cocaine from a gas station on 43rd Street in Chicago, IL. NEWELL agreed and met with an unknown male who was driving a tan Nissan Murano. The unknown male provided NEWELL with a bag that contained what NEWELL believed to be approximately twelve to thirteen kilograms of cocaine – the

cocaine law enforcement seized on October 4, 2023. NEWELL admitted to law enforcement that he intended to sell the kilograms of cocaine and keep the proceeds.

## II. CONCLUSION

15. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about October 4, 2023, NEWELL possessed with intent to distribute a controlled substance, namely, five kilograms or more of mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NOT.

*Christopher Kent by MV*

CHRISTOPHER KENT
Special Agent, Drug Enforcement Administration

SWORN TO AND AFFIRMED by telephone October 19, 2023.

Honorable MARIA VALDEZ
United States Magistrate Judge

6